Angel R. Sevilla (State Bar No. 239072)
Jessica C. Shafer (State Bar No. 297856)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Jessica.Shafer@jacksonlewis.com

Attorneys for Defendants
DANA LANZA, sued herein as
CONFLUENCE PHILANTHROPY, and
CONFLUENCE PHILANTHROPY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARMAINE SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DANA LANZA, an individual dba "Confluence Philanthropy"; CONFLUENCE PHILANTHROPY, INC., a non-profit corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1446**<br><br>State Complaint Filed: 07/20/2021 |

TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants CONFLUENCE PHILANTHROPY, INC. ("Confluence") and DANA LANZA ("Lanza") (collectively, "Defendants"), by and through their counsel, invoke this Court's jurisdiction under 28 U.S.C. § 1332(d) and remove, pursuant to 28 U.S.C. § 1441, the above-entitled Complaint filed by Plaintiff Sharmaine Smith ("Plaintiff") to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court"). Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff against Defendants and without conceding that Plaintiff

has pled any claims upon which relief can be granted. This removal is based on the following grounds:

## I. PRELIMINARY STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2. On July 20, 2021, Plaintiff Sharmaine Smith commenced an action in Alameda Superior Court entitled, *Sharmaine Smith, an individual, Plaintiff v. Dana Lanza, an individual dha "Confluence Philanthropy"; Confluence Philanthropy, Inc., a non-profit corporation; and DOES 1-20, inclusive, Defendants*, Case No. RG21106084. A copy of the summons and Complaint is attached as **Exhibit A** to the Declaration of Angel R. Sevilla ("Sevilla Decl.").

3. Plaintiff's counsel mailed a copy of the Summons and Complaint, along with Notices and Acknowledgments of Receipt for each Defendant, to Jackson Lewis' San Francisco office on October 13, 2021. Defendants timely returned a copy of Defendants' signed Notice of Acknowledgment on October 25, 2021. (*See* Sevilla Decl., ¶ 3, **Exh. B** (Signed Notice and Acknowledgment of Receipt for Confluence) and **Exh. C** (Signed Notice and Acknowledgment of Receipt for Lanza). Service is deemed complete on October 25, 2021. *See* Cal. Civ. Pro. Code § 415.30(c). Thus, this Notice of Removal is within the thirty-day time limit for removal set forth in 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all process, pleadings, and orders that have been filed, served, or received by Defendants in this action. (Sevilla Decl., ¶ 4, **Exh. D**.) A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Alameda County Superior Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

5. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in Alameda Superior Court. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

6. The United States District Court, Oakland or San Francisco Division, is the proper division for this action under Northern District of California, Local Rule 3-2(d), which states that all civil actions which arise in the County of Alameda shall be assigned to the Oakland or San Francisco Division.

## II. THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

### A. There Is Complete Diversity Between Plaintiff and Defendants

7. This Court has original jurisdiction under 28 U.S.C. § 1332, as the case is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

9. A natural person's citizenship is determined by her state of "domicile." *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *Id.* at 749-750.

10. Here, Plaintiff alleges that she is, and was at all relevant times, an individual residing in California. (*See* Complaint ("Compl."), ¶ 2.) She is therefore a citizen of California.

11. A corporation, including a not-for-profit corporation, is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93. (2010). A corporation's principal place of business is where the corporation's officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," typically the corporation's corporate headquarters or where actual corporate decision-making takes place. *Hertz*, *supra*, 559 U.S. at 80-81.

12. Confluence was and is a New York not-for-profit corporation with its principal

place of business in New York City, New York. (Declaration of Dana Lanza ("Lanza Decl."), ¶ 2.) Confluence's executive, finance, accounting, marketing, and legal functions are all centralized at its New York City, New York headquarters. Further, New York is where company-wide decisions and policies are made. (Lanza Decl., ¶ 2.) Accordingly, Confluence's principal place of business is New York.

13. Individual Defendant Dana Lanza is a citizen of the United States and is a Citizen of the State of New York, where she resides and is domiciled. (Lanza Decl., ¶ 3.) Lanza consents to this removal. (Lanza Decl., ⁋ 3.) Thus, all defendants have joined in this Notice of Removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

14. Accordingly, there is complete diversity between Plaintiff, on the one hand, and Defendants, on the other.

**B. The Amount In Controversy Exceeds $75,000**

15. Under 28 U.S.C. § 1332(a), the removal of a case is authorized when, among other factors above, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This action also meets the amount in controversy requirement.

16. In this case, Plaintiff asserts the following ten claims against Defendants: (1) Discrimination on the basis of race, color, gender, disability and medical condition under the Fair Employment and Housing Act ("FEHA"); (2) Failure to Prevent Harassment, Discrimination, and/or Retaliation under FEHA; (3) Failure to Accommodate Disability in violation of the FEHA; (4) Failure to Engage in the Interactive Process under the FEHA; (5) Retaliation under the FEHA; (6) Sex-Based Wage Discrimination under California Labor Code § 1197.5; (7) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; (9) Adverse Employment Action under California Labor Code §§ 98.6 and 1102.5; and (10) Wrongful Termination in Violation of Public Policy.

17. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a).

18. The damages Plaintiff contends she is entitled to recover from Defendants include

compensatory damages, punitive damages, civil penalties of up to $10,000 for each violation of Labor Code sections 1102.5 and 98.6 (payable to Plaintiff), as well as attorneys' fees, costs, and interest as provided by law. (Complaint, p. 17 [Prayer for Relief].) Each of these claims may be considered by the Court in determining jurisdictional amount. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

19. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See, Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 549 (2014). If a plaintiff contests a defendant's allegations, the defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See*, *id* at * 12; *see also, Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996); *Williams v. Best Buy Co., Ins., 269 F.3d 1316, 1319* (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessment removal jurisdiction).

20. In determining whether the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his claims. *See, Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonably reading of the value of the rights being litigated").

21. First, Plaintiff was compensated a base salary of $70,000 per year when she was employed by Confluence. (Lanza Decl., ¶ 4.) The Complaint states that she was terminated from her employment on January 6, 2021. (Complaint, ¶ 16.) Thus, as of the date of removal, her claim for lost wages amounts to at least $58,333 (assuming a monthly salary of $5,833.33). By January 6, 2022, it will amount to at least $70,000. And, although trial has not been set in this case, it will certainly occur after February 6, 2021, by which time Plaintiff's claim for lost wages will exceed

$75,000. It is therefore reasonable to expect Plaintiff's damages to exceed $75,000 in this case. *See Simmons, supra*, 209 F. Supp. 2d at 1032. Plaintiff is also seeking to recover front pay for "loss of earning capacity." (Complaint, ¶ 25). One year of front pay would be approximately $ 70,000.

22. Second, Plaintiff asserts that she is entitled to civil penalties for Defendants' purported violations of Labor Code section 98.6 and 1102.5. (Complaint, p. 17, ¶ 5 [Prayer for Relief].) Plaintiff alleges first that Defendant "retaliated against Plaintiff when he complained about and refused to participate in Defendants' unlawful conduct", a purported violation of Labor Code section 1102.5 warranting up to $10,000 in penalties. (*Id.*, ¶¶ 75, 78.) Plaintiff further alleges that "Defendant took adverse employment action against Plaintiff in retaliation for her complaints and refusal to accept discrimination", a separate, purported violation of Labor Code section 98.6 warranting up to $10,000 in penalties. (*Id.*, ¶ 79.) Thus, the Complaint pleads penalties in an amount up to $20,000 for these purported violations.

23. Plaintiff further claims that she is entitled to damages for "emotional distress, pain and suffering, and loss of enjoyment of life." (*Id.*, p. 16, ¶ 3 [Prayer for Relief].) Defendant estimates that Plaintiff is attempting to seek well over $75,000 in compensatory damages, as well as additional punitive damages and attorneys' fees (as permitted under the FEHA).

24. Plaintiff also seeks punitive damages in this case. The amount in controversy may include punitive damages when such damages are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Miller v. Michigan Millers Ins. Co.*, 1997 U.S. Dist. LEXIS 23877, *4 (N.D. Cal. 1997)). Here, Plaintiff's action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"). Punitive damages are available under FEHA and, as such, the Court can consider them in determining the amount in controversy.

25. Finally, Plaintiff claims that she is entitled to attorneys' fees. Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint is seeking to recover her attorneys' fees and costs, which will certainly exceed $75,000 after trial. Even if the Court only

considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

26. Based on the foregoing, and without conceding that Plaintiff is entitled to the damages she seeks, the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and costs, thereby satisfying the jurisdictional amount.

## III. NOTICE TO PLAINTIFF AND STATE COURT

27. In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. (Sevilla Decl., ¶ 5.) As such, all procedural requirements under Section 1446 are satisfied.

## IV. CONCLUSION

For the reasons set forth above, Defendants maintain that this action is properly removed to this Court.

Dated: November 12, 2021

JACKSON LEWIS P.C.

By: /s/ Angel R. Sevilla
Angel R. Sevilla
Jessica C. Shafer
Attorneys for Defendants
CONFLUENCE PHILANTHROPY, INC. and DANA LANZA

4867-6080-2050, v. 2