# EXHIBIT A

*(FAX TRANSMISSION) To: 15102671546 From: 15108324364 Pages: 31*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DANA LANZA, an individual dba "Confluence Philanthropy", CONFLUENCE
PHILANTHROPY, INC., a non-profit corporation; and DOES 1-20, inclusive,

**FILED BY FAX**
ALAMEDA COUNTY

July 20, 2021

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARMAINE SMITH, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>RG21106084 |

Superior Court, County of Alameda

Northern Division

1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Martin Zurada, 218235 / Andrea Pearce, 332340     (925) 937-3900

Venardi Zurada LLP, 25 Orinda Way, #250, Orinda, CA 94563

| DATE:<br>*(Fecha)* | July 20, 2021 | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*(FAX TRANSMISSION) To: 15102671546 From: 15108324364 Pages: 31*

Martin Zurada (SBN 218235)
Andrea Pearce (SBN 332340)
VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, California 94623
Telephone: (925) 937-3900
Facsimile: (925) 937-3905

Attorneys for Plaintiff
SHARMAINE SMITH

**FILED BY FAX**
ALAMEDA COUNTY

July 20, 2021

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

CASE NUMBER:
**RG21106084**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

### UNLIMITED JURISIDICTION

| | |
|---|---|
| SHARMAINE SMITH, an individual, | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| vs. | |
| DANA LANZA, an individual dba "Confluence Philanthropy"; CONFLUENCE PHILANTHROPY, INC., a non-profit corporation; and DOES 1-20, inclusive, | 1. **Discrimination on the Basis of Race, Color, Gender, Disability & Medical Condition, in Violation of FEHA** (*Cal. Gov't. Code* §12940 et seq.); |
| | 2. **Failure to Prevent Harassment, Discrimination, and/or Retaliation in Violation of FEHA** (*Gov't Code* §§ 12900 et seq.); |
| Defendants. | 3. **Failure to Accommodate Disability in Violation of FEHA** (*Gov't Code* §12490(m)); |
| | 4. **Failure to Engage in the Interactive Process** (*Gov't Code* §12490(n)); |
| | 5. **Retaliation in Violation of FEHA** (*Gov't Code* §§ 12900 et seq.); |
| | 6. **Sex-Based Wage Discrimination** (*Labor Code* § 1197.5); |
| | 7. **Intentional Infliction of Emotional Distress;** |
| | 8. **Negligent Infliction of Emotional Distress;** |
| | 9. **Adverse Employment Action** (*Labor Code* §§ 98.6 & 1102.5); and |
| | 10. **Wrongful Termination in Violation of Public Policy.** |

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 1 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL                    CASE No.

Martin Zurada (SBN 218235)
Andrea Pearce (SBN 332340)
VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, California 94623
Telephone: (925) 937-3900
Facsimile: (925) 937-3905

Attorneys for Plaintiff
SHARMAINE SMITH

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**UNLIMITED JURISIDICTION**

| | |
|---|---|
| SHARMAINE SMITH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DANA LANZA, an individual dba "Confluence Philanthropy"; CONFLUENCE PHILANTHROPY, INC., a non-profit corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>1. **Discrimination on the Basis of Race, Color, Gender, Disability & Medical Condition, in Violation of FEHA (*Cal. Gov't. Code* §12940 et seq.);**<br>2. **Failure to Prevent Harassment, Discrimination, and/or Retaliation in Violation of FEHA (*Gov't Code* §§ 12900 et seq.);**<br>3. **Failure to Accommodate Disability in Violation of FEHA (*Gov't Code* §12490(m));**<br>4. **Failure to Engage in the Interactive Process (*Gov't Code* §12490(n));**<br>5. **Retaliation in Violation of FEHA (*Gov't Code* §§ 12900 et seq.);**<br>6. **Sex-Based Wage Discrimination (*Labor Code* § 1197.5);**<br>7. **Intentional Infliction of Emotional Distress;**<br>8. **Negligent Infliction of Emotional Distress;**<br>9. **Adverse Employment Action (*Labor Code* §§ 98.6 & 1102.5); and**<br>10. **Wrongful Termination in Violation of Public Policy.** |

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                    CASE NO.

Plaintiff SHARMAINE SMITH ("Plaintiff") hereby submits this Complaint as follows:

## NATURE OF CLAIM

1.      This is an action by Plaintiff SHARMAINE SMITH ("Plaintiff"), a former employee, against Defendants DANA LANZA, an individual dba "Confluence Philanthropy", and CONFLUENCE PHILANTHROPY INC., a New York corporation previously qualified to operate in California, (collectively "Defendants"), her former joint employers, seeking remedies for discrimination on the basis of race, color, gender, disability, and disability/medical condition in violation of FEHA, failure to prevent harassment, discrimination and/or retaliation in violation of FEHA, failure to accommodate disability in violation of FEHA, failure to engage in the interactive process in violation of FEHA,  retaliation in violation of FEHA, sex-based wage discrimination, intentional infliction of emotional distress, negligent infliction of emotional distress, adverse employment action, and wrongful termination in violation of public policy.

## PARTIES

2.      Plaintiff Sharmaine Smith is, and was at all relevant times, an individual residing in Vallejo, California. Plaintiff was employed by Defendants at a non-profit organization called "Confluence Philanthropy" ("Entity Defendant" or "Confluence") since approximately June of 2020. Plaintiff worked at the California office of Confluence located at 436 14th Street, Suite 900 in Oakland, California. Confluence is a non-profit specializing in supporting a network of private, public and community foundations in their investment strategies to align with their values. Defendant Dana Lanza ("Individual Defendant") is, and was at all relevant times, the manager, president, CEO and co-founder of Confluence and Confluence Philanthropy Inc. Defendants' principal place of business, at all relevant times, was 436 14th Street, Suite 900 in Oakland, California.  Following the wrongful conduct alleged in this complaint Defendants have relocated to 475 Tenth Avenue 14th Floor in New York, New York.

3.      Individual Defendants DOES 1–20, inclusive were, according to information and belief, owners, officers and/or employees of Defendants, each of whom had significant control over the pay and work conditions of Plaintiff.

4.      The true names and capacities, whether individual, corporate, associate or otherwise,

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 2 -

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

1  of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to Plaintiff,

2  who therefore sue said Defendants by such fictitious names and Plaintiff will seek to amend this

3  Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is

4  informed and believes, and based thereon alleges, that each of the Defendants designated herein as

5  DOE is legally responsible in some manner for the events and happenings referred to herein and

6  caused injury and damage proximately thereby to Plaintiff as alleged herein. Each reference in this

7  Complaint to "Defendant," "Defendants" or a specifically named Defendant refers also to all

8  Defendants sued under fictitious names. Plaintiff is informed and believes, and based thereon

9  alleges, that at all times herein mentioned each of the Defendants was the agent, employee and

10  servant of each of the remaining Defendants, and in doing the actions hereinafter alleged was acting

11  within the scope of such agency, employment, and servitude, with the knowledge and consent of

12  each of the Defendants. Whenever this Complaint makes reference to "Defendants" or "Defendants,

13  and each of them," such allegations shall be deemed to mean the acts of Defendants acting

14  individually, jointly and/or severally.

15       5.      At all relevant times Defendants and DOES 1-20 were joint employers of Plaintiff

16  because (a) each Defendant and DOES 1-20 exercised control over Plaintiff's wages, hours, or

17  working conditions, (b) each Defendant and DOES 1-20 suffered or permitted Plaintiff to work, OR

18  (c) each Defendant and DOES 1-20 engaged Plaintiff in a manner which created a common law

19  employment relationship.

20       6.      Defendants are directly liable for their wrongful actions. The liability of the other

21  Defendants also stems from one or more of the following: As Plaintiff's joint employers, the Entity

22  Defendant is vicariously liable for Individual Defendant's actions as the managers and/or

23  supervisors over Plaintiff; Defendants had a duty to either refrain from the wrongful acts or to

24  prevent and/or restrain others from committing the wrongful acts; Defendants are an alter ego of

25  each other; and Defendants are acting as an agent of each other. Individual Defendant is also liable

26  under *Labor Code* § 558.1.

27       7.      The Entity Defendant was, at all times relevant to the Complaint, an alter-ego of the

28  Individual Defendant with a unity of interest. The acts and circumstances demonstrating a unity of

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**        CASE NO.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

interest between Defendants include the following: (a) commingling funds and/or assets of the entities; (b) failing to segregate/commingling of funds, and/or diverting funds, of the entities; (c) failing to maintain the formalities required or commonly associated with entities existence; (d) having common equitable ownership of the entities; (e) having common officers, directors, managers, and/or general partners of the entities; (f) using the same office or business location of the entities; (g) employing the same employees by the entities; (h) failing to place entity assets with the entities; (i) using the entity as mere shell entities; (j) concealing or misrepresenting the ownership, management and financial interests associated with the entities; (k) concealing or misrepresenting personal business activities related to the entities; and/or (l) failing to maintain arms-length relationship with and among the entities.

8.      The Entity Defendant was controlled, dominated, and operated by the other Defendant, and/or the Defendants were controlled, dominated, and operated by entities and/or individuals affiliated with the other Defendants, as an alter ego, and the main activities and businesses of the entities were carried out in order to shield the other Defendants and/or individuals affiliated with the Defendants. The Entity Defendant is a mere shell, instrumentality, and conduit through which the other Defendants, and/or the individuals affiliated with the Defendants, operate to shield their assets from creditors. It would be unjust and inequitable to recognize the entity form of the Entity Defendant over the substance and nature of the injuries to Plaintiff.

9.      Furthermore, the Entity Defendant is an alter-ego of each other, and/or the individuals affiliated with the Defendants, and Defendants were agents and employees of the other, and in doing the acts herein described and referred to, were acting in the course and within the scope of their authorities as agents and employees of each other and are equally liable to the damages sustained by Plaintiff.

### JURISDICTION AND VENUE

10.      Jurisdiction and venue are proper as actions and events giving rise to this lawsuit occurred in Alameda County, California.

### EXHAUSTION OF ADMINISTRATIVE REMEDY

11.      At all times relevant, Defendants regularly employed five or more persons, bringing

- 4 -

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

1  Defendants within the provisions of California Government Code section 12900, et seq., prohibiting

2  employers or their agents from discriminating against or harassing its employees, or from allowing

3  and fostering an environment where fellow employees could harass or discriminate against other

4  employees with impunity.

5      12.    Plaintiff has timely filed a complaint of discrimination and harassment in his

6  employment with the California Department of Fair Employment and Housing ("DFEH") and

7  obtained a right to sue letter on March 12, 2021, attached hereto as **Exhibit 1**.

8              **FACTS RELATED TO PLAINTIFF'S CLAIMS**

9      13.    Plaintiff Sharmaine Angel Smith is a Black American woman. On or around June of

10  2020, Plaintiff was hired by Defendants as a Membership Coordinator. In or around October 2020,

11  a white male was hired as a Special Projects Coordinator ("SPC"). Although it was a similar

12  position as the Membership Coordinator position held by Plaintiff, there was substantially less job

13  duties, less qualifications, less education or similar experience required than Plaintiff. Yet the white

14  male hired as the SPC was given a higher salary than originally offered to Plaintiff as a Membership

15  Coordinator.

16      14.    At all times mentioned herein, Plaintiff had several medical conditions and

17  disabilities, some of which made her a high risk to contract COVID. At or around the time Plaintiff

18  was hired, Defendants were made aware of her medical conditions and disabilities. Her direct

19  supervisor, David Estrada, a Managing Director for the Company, initially worked with Plaintiff to

20  accommodate her needs and Plaintiff was allowed to work remotely from home full time during the

21  pandemic.

22

23      15.    On or near late October of 2020, Plaintiff was notified by Confluence and her direct

24  supervisor that Confluence would be closing its California office by the end of the year. Around the

25  third week of October 2020, Plaintiff was informed by David Estrada and COO Ling Marquardt

26  that she may need to relocate to New York City by the summer or fall of 2021 to continue her

27  employment with the company. Shortly after learning of this, Plaintiff forwarded to Confluence a

28  note from her doctor explaining her medical conditions and disabilities that make her a high risk for

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**            CASE NO.

COVID and particularly unsuitable for a move across the country considering the state of the pandemic. Plaintiff informed Defendants, including Defendant Lanza, of her desire to remain with Confluence but asked for an accommodation for her disability and medical conditions by extending the deadlines for her to relocate to New York and/or to make the transition as easy as possible by providing support in the move. Rather than address Plaintiff's concerns and engaging in a good faith interactive process to accommodate her, in the following weeks and months Defendant Lanza harassed and discriminated against Plaintiff by doing the following, but not limited to: (1) changing and shortening the deadlines by which Plaintiff was required to commit to moving to New York City and to actually completing the move; (2) creating new and shifting requirements for Plaintiff to meet in order to accept the transfer and continue her employment; (3) assigning Plaintiff harder work with extremely difficult goals and deadlines; (4) making inaccurate and false accusations regarding the quality of Plaintiff's work product; (5) eliminating Plaintiff's ability to communicate with her direct supervisor regarding the ongoing issues; (6) demanding Plaintiff communicate on her personal email and phone at odd hours and within short time frames while she was under care of doctor, and (7) other harassing and discriminating conduct.

16.     Furthermore, Defendants harassed and discriminated against Plaintiff by changing her potential future role with Confluence to one that would require her to be designated as an "essential worker," with job duties and tasks requiring Plaintiff to be physically present in the office at all times and in the public, subjecting Plaintiff to serious COVID health concerns while they knew she was high risk. Defendants also requested that she sign a liability waiver as a condition of further employment. While Plaintiff tried to work through these obstacles and reach some sort of solution with Defendants, she also complained to the Board of Directors of Confluence, per the Employee Handbook, to raise her concerns over how Defendant Lanza and Confluence were treating her. Instead of engaging in a good faith investigation of Plaintiff's complaints or working to reach a reasonable solution for all parties, Defendants retaliated against Plaintiff for making these good faith complaints concerning unlawful conduct, and by earlier requesting accommodation for her disability, by terminating her employment with Confluence on approximately January 6, 2021.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                    CASE NO.

**FIRST CAUSE OF ACTION**

**Discrimination on the Basis of Race, Color, Gender, Disability, and Medical Condition**
**Violation of FEHA, *Cal. Gov't Code* § 12940 et seq.**
**(Plaintiff Against All Defendants)**

17.     Plaintiff incorporates each and every allegation contained in paragraphs 1 through 16 of this Complaint.

18.     This is an action based upon Plaintiff's employment discrimination claims against Defendants, which arise under FEHA and the *California Government Code* sections 12900, et seq.

19.     Defendants are an employer in the State of California, as defined in FEHA.

20.     Plaintiff, a person who is a Black woman with a disability and medical conditions, is a member of a class of persons protected by FEHA from employment discrimination on the basis of race, color, gender, disability, and medical condition.

21.     Plaintiff, at all times herein, was qualified for the positions she held with Defendants as evidenced by her offer of employment and exemplary performance throughout his employment.

22.     Defendants terminated Plaintiff who was a Black woman with a disability and medical conditions that made her at risk for COVID at the time of termination, in violation of *California Government Code* section 12940(a).  Defendants wanted to get rid of Plaintiff following her requests for accommodation as a result of the COVID pandemic. Defendants failed to engage in the interactive process, retaliated and terminated her for requesting accommodations. In addition, Defendants discriminated against her for her race and/or gender by compensating a white male counterpart a higher salary, by assigning less job duties, and requiring less qualifications and education as Plaintiff although both positions were similar.

23.     Race, color, gender, and disability and/or perceived disability were motivating factors in Defendants' terminations of Plaintiff, in violation of *California Government Code* section 12940(a).

24.     Defendants' discriminatory actions against Plaintiff, as alleged herein, constituted unlawful discrimination in employment on account of age in violation of *California Government Code* section 12940(a).

25.     As a direct and proximate result of Defendants' unlawful discrimination as alleged

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 7 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**     CASE NO.

herein, Plaintiff has suffered and continues to suffer damages for loss of wages and benefits, loss of earnings capacity, and for severe emotional and physical distress, all of which will be proven at trial.

26.    In bringing this action, Plaintiff has been required to retain counsel to represent her in this matter.  Pursuant to *California Government Code* § 12965(b) she is entitled to an award of attorneys' fees.

**SECOND CAUSE OF ACTION**
**Failure to Prevent Discrimination in Violation of FEHA, *Cal. Gov't Code* § 12940(k)**
**(Plaintiff Against All Defendants)**

27.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28.    Defendants are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").  Plaintiff is a Black woman with a disability and medical conditions that made her a high risk for COVID.

29.    Plaintiff was subjected to discriminatory conduct as set forth above in violation of FEHA.

30.    Defendants failed to take reasonable steps to prevent the discrimination, opting instead to continue the discrimination, retaliate, and ultimately terminate Plaintiff.

31.    As a direct and proximate result of Defendants' failure to prevent discrimination, Plaintiff has suffered and continues to suffer damages for loss of wages and benefits, loss of earnings capacity, and for severe emotional and physical distress, all of which will be proven at trial.

32.    Defendants' failure to take reasonable steps to prevent discrimination was a substantial factor in causing harm to Plaintiff.

**THIRD CAUSE OF ACTION**
**Failure to Accommodate Disability in Violation of FEHA (*Gov't Code* §12490(m))**
**(Plaintiff Against All Defendants)**

33.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 32 of this Complaint.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**          CASE NO.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

34.     Defendants are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").  Plaintiff is a Black woman with a disability and medical conditions that made her a high risk for COVID.

35.     Plaintiff requested accommodations for her disability and medical conditions that put her at high risk for COVID when her employer informed her that she was going to be relocated to New York City. Plaintiff provided a doctor's note explaining her medical conditions and disabilities that made her a high risk for COVID and particularly unsuitable for a move across the country considering the state of the Pandemic. Plaintiff expressed her desire to remain in the company and requested accommodations by extending the deadlines for her to relocate to New York and/or to make the transition as easy as possible by providing support in her move. Plaintiff and Defendants had engaged in the interactive process previously and accommodated her needs to work from home full-time as a result of her disability and medical conditions during the COVID pandemic. Plaintiff was able to perform all essential duties and functions of her position in a satisfactory matter with the accommodation.

36.     Defendants failed to accommodate Plaintiff's disability and medical condition. Instead of addressing Plaintiff's concerns and engaging in a good faith interactive process to accommodate Plaintiff, Defendant Lanza harassed and discriminated Plaintiff as described in paragraphs 13 through 16 of this Complaint.

37.     As a direct and proximate result of Defendants' failure to accommodate Plaintiff's disability and medical condition, Plaintiff has suffered and continues to suffer damages for loss of wages and benefits, loss of earnings capacity, and for severe emotional and physical distress, all of which will be proven at trial.

38.     Defendants' refusal to accommodate her disability was a substantial factor in causing harm to Plaintiff.

## FOURTH CAUSE OF ACTION
**Failure to Engage in the Interactive Process in Violation of FEHA (*Gov't Code* §12490(m))**
**(Plaintiff Against All Defendants)**

39.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 39

- 9 -

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

1  of this Complaint.

2      40.    Defendants are employers in the State of California, as defined in the California Fair

3  Employment and Housing Act ("FEHA").  Plaintiff is a Black woman with a disability and medical

4  conditions that made her a high risk for COVID.

5      41.    Plaintiff requested accommodations for her disability and medical conditions that put

6  her at high risk for COVID when her employer informed her that she was going to be relocated to

7  New York City. Plaintiff provided a doctor's note explaining her medical conditions and disabilities

8  that made her a high risk for COVID and particularly unsuitable for a move across the country

9  considering the state of the Pandemic. Plaintiff expressed her desire to remain in the company and

10  requested accommodations by extending the deadlines for her to relocate to New York and/or to

11  make the transition as easy as possible by providing support in her move. Plaintiff and Defendants

12  had engaged in the interactive process previously and accommodated her needs to work from home

13  full-time as a result of her disability and medical conditions during the COVID pandemic. Plaintiff

14  was able to perform all essential duties and functions of her position in a satisfactory matter with

15  the accommodation.

16      42.    Defendants failed to engage in the interactive process. Instead of addressing

17  Plaintiff's concerns and engaging in a good faith interactive process to accommodate Plaintiff,

18  Defendant Lanza harassed and discriminated Plaintiff as described in paragraphs 13 through 16 of

19  this Complaint.

20      43.    As a direct and proximate result of Defendants' failure to engage in the interactive

21  process, Plaintiff has suffered and continues to suffer damages for loss of wages and benefits, loss

22  of earnings capacity, and for severe emotional and physical distress, all of which will be proven at

23  trial.

24      44.    Defendants' failure to engage in the interactive process was a substantial factor in

25  causing harm to Plaintiff.

**FIFTH CAUSE OF ACTION**
**Retaliation in Violation of FEHA, *Cal. Gov't Code* 12900 et seq.**
**(Plaintiff Against All Defendants)**

26

27

28      45.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 44

- 10 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                    CASE NO.

1   of this Complaint.

2   46.   Plaintiff refused, resisted, objected or expressed displeasure about Defendants'

3   wrongful and unlawful FEHA prohibited conduct by complaining to Confluence's Board of

4   Directors.

5   47.   Defendants retaliated against Plaintiff for his refusal to participate in Defendants'

6   unlawful conduct by taking adverse employment actions against Plaintiff as described in paragraphs

7   13 through 16 of this Complaint, and by ultimately terminating Plaintiff.

8   48.   Defendant's retaliatory conduct is a violation of *California Government Code* §

9   12940(h) which prohibits an employer from retaliating against "any person" as a result of an

10   employee who reports or otherwise opposes prohibited discrimination or harassment.

11   49.   Plaintiff refusal to participate in unlawful activities was a substantial motivating

12   reason for Defendants' decision to take adverse employment actions against Plaintiff including

13   without limitation to terminate her employment.

14   50.   As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff was

15   harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum

16   of the Superior Court, according to proof at trial.

17   51.   Defendants' decision to terminate Plaintiff's employment was a substantial factor in

18   causing Plaintiff harm.

19   52.   In bringing this action, Plaintiff has been required to retain counsel to represent her in

20   this matter. Pursuant to *California Government Code* § 12965(b) she is entitled to an award of

21   attorneys' fees.

22   53.   Defendants committed the acts alleged herein maliciously, fraudulently and

23   oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

24   amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants

25   the assessment of punitive damages in an amount sufficient to punish Defendants and deter others

26   from engaging in similar misconduct.

27   //

28

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 11 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                    CASE NO.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

### SIXTH CAUSE OF ACTION
**Sex-Based Wage Discrimination (*Labor Code* § 1197.5, et seq.)**
**(Plaintiff Against All Defendants)**

54.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 53 of this Complaint.

55.     Pursuant to *Labor Code* § 1197.5, employers in California shall not pay any of its employees a wage rate less than the rate paid to employees of the opposite sex for substantially similar work, when viewed in light of the composite of skill, effort, and responsibility, and performed under similar working conditions, unless the employer demonstrates that the wage differential is based on a seniority system, a merit system, a system that measure earnings by quantity or quality of production, or another bona fide factor other than sex, such as education, training or experience.

56.     Plaintiff is a Black woman who was hired by Defendants as a Membership Coordinator. Approximately four months later, Defendants hired a white male as a Special Projects Coordinator. Although both positions were similar, the Special Projects Coordinator was assigned less job duties, and required less qualifications, less education or similar experienced than Plaintiff. The Special Projects Coordinator was also given a higher salary than originally offered to Plaintiff.

57.     Plaintiff, as a woman, was discriminated against in wages as a result of her sex.

58.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff was harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

59.     Defendants are liable to Plaintiff for wages and interest thereon, and an additional equal amount as liquidated damages pursuant to *Labor Code* §1197.5(c).

60.     In bringing this action, Plaintiff has been required to retain counsel to represent her in this matter.  Pursuant to *Labor Code* § 1197.5 (h) she is entitled to an award of costs to pursue this action and of attorneys' fees.

### SEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Plaintiff Against All Defendants)**

61.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 60

- 12 -

1   of this Complaint.

2   62.   Individual Defendant acted in an outrageous manner towards the Plaintiff as set forth

3   in this Complaint. Individual Defendant either intended to cause emotional distress to Plaintiff or

4   acted with reckless disregard that Plaintiff would suffer emotional distress as a result of Individual

5   Defendants' actions.

6   63.   Individual Defendant is directly liable for her wrongful acts and/or omissions.  The

7   liability of the Entity Defendant and the Individual Defendant also stems from one or more of the

8   following: the Entity Defendant and the Individual Defendant are joint employers of Plaintiff; the

9   Entity Defendant and the Individual Defendant had a duty to either refrain from the wrongful acts or

10   to prevent and/or restrain others from committing the wrongful acts; the Entity Defendant is an alter

11   ego of the Individual Defendant; and Defendant Dana Lanza was acting as an agent of the Entity

12   Defendant.

13   64.   As a direct and proximate result of Individual Defendant's willful actions, Plaintiff

14   suffered severe emotional distress and sustained damages in an amount to be determined at trial.

15   65.   The actions of Individual Defendant constitute malicious conduct towards Plaintiff

16   warranting an assessment of punitive damages in an amount appropriate to punish Defendants and

17   deter them and others from engaging in similar misconduct towards others.

18

19   **EIGHTH CAUSE OF ACTION**
    **Negligent Infliction of Emotional Distress**
20   **(Plaintiff Against All Defendants)**

21   66.   Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 65

22   of this Complaint.

23   67.   Individual Defendant acted in an outrageous manner towards the Plaintiff as set forth

24   in this Complaint.

25   68.   Individual Defendant failed to act with reasonable care to avoid causing Plaintiff

26   emotional distress as described in this Complaint. Individual Defendant acted negligently in causing

27   emotional distress to Plaintiff.

28   69.   Individual Defendant is directly liable for her wrongful acts and/or omissions.  The

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**   CASE NO.

liability of the Entity Defendant and the Individual Defendant also stems from one or more of the following: the Entity Defendant and the Individual Defendant are joint employers of Plaintiff; the Entity Defendant and the Individual Defendant had a duty to either refrain from the wrongful acts or to prevent and/or restrain others from committing the wrongful acts; the Entity Defendant is an alter ego of the Individual Defendant; and Defendant Dana Lanza was acting as an agent of the Entity Defendant.

70.     As a direct and proximate result of Individual Defendants' negligent actions, Plaintiff suffered severe emotional distress and sustained damages in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**Retaliation in Violation of California *Labor Code* §§ 1102.5 and 98.6**
**(Plaintiff Against All Defendants)**

71.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 70 of this Complaint.

72.     Plaintiff complained about and refused to participate in Defendants' wrongful and unlawful conduct throughout their employment including disparate and retaliatory treatment by refusing to accept discrimination as explained above. Defendants retaliated against Plaintiff for refusing to accept discrimination.

73.     Defendants took adverse employment action against Plaintiff as described in paragraphs 13 through 16 of this complaint.

74.     Defendants' retaliatory conduct is a violation of *Labor Code* § 1102.5(b) which provides "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

1   part of the employee's job duties."

2   75.   Defendants' retaliatory conduct is also a violation of *Labor Code* § 1102.5 (c) which

3   provides "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against

4   an employee for refusing to participate in an activity that would result in a violation of state or federal

5   statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

6   Defendants retaliated against Plaintiff when he complained about and refused to participate in

7   Defendants' unlawful conduct described in this Complaint.

8   76.   Plaintiff was not required to exhaust any administrative remedies to bring his *Labor

9   Code* §§ 1102.5 claim because *Labor Code* § 244(a) provides that no such exhaustion is required

10   under any *Labor Code* provision unless "that section under which the action is brought expressly

11   requires exhaustion of an administrative remedy". *Labor Code* §§ 1102.5 does not have an exhaustion

12   requirement.

13   77.   Defendants had a duty to either refrain from the wrongful acts or to prevent and/or

14   restrain others from committing the wrongful acts.

15   78.   Plaintiff suffered injuries as a result of Defendants' violation of *Labor Code* §§

16   1102.5(b)(c) including loss of earnings and benefits, and severe emotional distress, all of which will

17   be proven at trial. In addition to any other legal remedies, Plaintiff is also entitled to statutory damages

18   not exceeding $10,000 for each violation of *Labor Code* § 1102.5 pursuant to *Labor Code* § 1102.5(f).

19   Plaintiff is also entitled to an award of attorneys' fees for bringing this action pursuant to *Labor Code*

20   § 1102.5(j).

21   79.   Defendants took adverse employment action against Plaintiff in retaliation for her

22   complaints and refusal to accept discrimination and reporting the discrimination to the Board of

23   Directors in violation of *California Labor Code* § 98.6 which provides that "no person may

24   "discriminate, retaliate or take any adverse action against any employee because the

25   employee…made a written or oral complaint that he or she is owed unpaid wages…or because of the

26   exercise by the employee…on behalf of himself, herself, or others of any rights afforded him or her".

27   Plaintiff suffered injuries as a result of Defendants' violation of *California Labor Code* § 98.6,

28   including loss of earnings and benefits, and severe emotional and physical distress, all of which will

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 15 -

be proven at a hearing. In addition to any other legal remedies, an employer who violates this section is liable for a civil penalty pursuant to subsection (b)(3) not exceeding $10,000 per employee per each violation of this section, to be awarded to the employee or employees who suffered the violation.

80.     Plaintiff was not required to exhaust any administrative remedies to bring his *California Labor Code* §§ 1102.5 or 98.6 claims because *California Labor Code* § 244(a) provides that no such exhaustion is required under any *California Labor Code* provision unless "that section under which the action is brought expressly requires exhaustion of an administrative remedy". Neither *California Labor Code* §§ 1102.5 or 98.6 have an exhaustion requirement.

81.     Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

**TENTH CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**
**(Plaintiff Against All Defendants)**

82.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 81 of this Complaint.

83.     The conduct described in this complaint including discrimination, retaliation, and termination of Plaintiff constitutes a violation of public policy embodied in provisions of *Government Code Section 12900*, et seq., prohibiting employers or their agents from harassing employees, discriminating against employees, or from allowing and fostering an environment where fellow employees could harass and discriminate other employees with impunity, and also retaliating in violation of violation of *Government Code* § 12940(h) and *Labor Code* §§ 1102.5 and 98.6 by terminating Plaintiff when she complained, reported and about and resisted wrongful conduct.

84.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff was harmed and suffered general and special damages in an amount exceeding the jurisdictional minimum of the Superior Court, according to proof at trial.

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

- 16 -

85.   Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendant's conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment to be entered in her favor and against Defendants, as follows:

1.   For all general and special damages arising out of the FEHA claims as well as reasonable attorneys' fees incurred Costs, interest, and reasonable attorneys' fees pursuant to *Government Code* § 12965(b) and where may otherwise be authorized by law;

2.   For costs, interests, and reasonable attorneys' fees pursuant to *Labor Code* § 1197.5(h) and 1102.5(j);

3.   For general damages (including emotional distress, pain and suffering, and loss of enjoyment of life) and special damages against all Defendants (for tort causes of action only);

4.   For punitive damages sufficient to punish and/or deter (for tort causes of action only) against all Defendants;

5.   Plaintiff is also entitled to civil penalties up to $10,000 for each violation of *Labor Code* § 1102.5 and/or *Labor Code* § 98.6 pursuant to *Labor Code* § 1102.5(f) and *Labor Code* § 1102.5(b)(3) respectively;

6.   For costs, interest and reasonable attorneys' fees where may be authorized by law;

7.   For such other legal and equitable relief as is just and proper;

8.   For costs of the suit herein; and

9.   For such other and further relief as the Court may deem appropriate.

//

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                    CASE NO.

Dated:  October 11, 2021                                        VENARDI ZURADA LLP


                                                                Martin Zurada
                                                                Attorney for Plaintiff
                                                                SHARMAINE SMITH

### JURY DEMAND

Plaintiff demand a trial by jury.


Dated:  October 11, 2021                                        VENARDI ZURADA LLP


                                                                Martin Zurada
                                                                Attorney for Plaintiff
                                                                SHARMAINE SMITH

VENARDI ZURADA LLP
25 Orinda Way, Suite 250
Orinda, CA 94563
Tel: (925) 937-3900
Fax: (925) 937-3905

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**                          CASE No.